UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 20-60773-CIV-MIDDLEBROOKS/HUNT
(10-60292-CR-MIDDLEBROOKS)

ADOLPHUS SYMONETTE,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

_________________________________/

**REPORT AND RECOMMENDATION**

This matter is before this Court on Movant Adolphus Symonette's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. ECF. No. 4. The Honorable Donald M. Middlebrooks previously referred this case to the undersigned United States Magistrate Judge for a report and recommendation regarding disposition of all dispositive motions. ECF No. 5; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed the Motion, the Response, the Reply, the applicable law, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that Movant's motion be GRANTED.

## I. Background

Following a jury trial, Movant was convicted of conspiracy to commit racketeering in violation of 18 U.S.C. §§ 1962(d) and 1963(a) ("Count 1"); kidnapping in violation of 18 U.S.C. § 1201(a)(1) ("Count 2"); and possession of a firearm during and in relation to a crime of violence (kidnapping), in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 3").

Movant was sentenced to a total term of life imprisonment, plus an additional 84 months, consisting of concurrent life sentences on each of Counts 1 and 2, and a consecutive term of 84 months' imprisonment on Count 3. The Eleventh Circuit affirmed his convictions and sentences.

In 2013, Movant filed a § 2255 motion, which the Court denied with prejudice. In 2019, Movant filed an application for leave to file a second or successive § 2255 motion, in which he argued, in relevant part, that his § 924(c) conviction was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The Eleventh Circuit denied the application. Again in 2019, Movant filed a second § 2255 motion, which the Court denied because Movant did not obtain an order from the court of appeals authorizing the district court to consider the motion.

Movant has now filed a second application for leave to file a second or successive motion to vacate, set aside or correct sentence. The Eleventh Circuit granted his application, finding that Movant "has made a *prima facie* showing that his § 924(c) conviction may be unconstitutional under [*United States v. Davis*, 139 S. Ct. 2319 (2019)]." ECF No. 1 at 5.

**II. Analysis**

Movant challenges the validity of his conviction on Count 3 in light of *Davis*. In *Davis*, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B), often referred to as "the residual clause," is unconstitutionally vague. Movant asks this Court to vacate his conviction and sentence on Count 3 and to conduct a full resentencing as to Counts 1 and 2, arguing that because all three counts were interrelated, Count 3 must have influenced the sentencing judge as to the overall sentencing. Movant notes that his

codefendant Kendrick Lewis, who pleaded guilty to the kidnapping charge and to possession of a firearm during and in relation to a crime of violence (the kidnapping charge), was successful in a similar § 2255 motion. In that case, the Court vacated the § 924(c) charge and conducted a full resentencing on the remaining count (without objection from the Government). *Lewis v. United States*, Case No. 19-61764-CIV-MIDDLEBROOKS/REID; Case No. 10-60292 at ECF Nos. 249, 268, 269.

The Government concedes that, in light of *Davis*, the conviction and sentence on Count 3 should be vacated. However, the Government opposes a full resentencing because it contends that Movant cannot demonstrate that the alleged erroneous sentence on Count 3 influenced the sentencing judge's decisions on Counts 1 and 2. The Government claims that the lack of influence is clear because the sentencing judge imposed two concurrent life sentences as to Counts 1 and 2, while the alleged erroneous conviction resulted in a consecutive 84-month sentence.

To obtain relief based on the recent holding in *Davis*, Movant must, as a threshold matter, show that his conviction under § 924(c) was likely the result of application of the residual clause. *See Beeman v. United States*, 871 F.3d 1215, 1221, 1225 (11th Cir. 2017). Movant meets that threshold requirement.

"Crime of violence" is defined in § 924(c)(3) as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is commonly referred to as the "elements clause" and section 924(c)(3)(B) as the "risk-of-force clause" or "residual clause."

Federal kidnapping in violation of 18 U.S.C. § 1201(a) can be committed either by physical or psychological force. *United States v. Gillis*, 938 F.3d 1181, 1210 (11th Cir. 2019). In *Gillis*, the Eleventh Circuit held that federal kidnapping does not qualify as a crime of violence under the elements clause of 18 U.S.C. § 373(a), which the Court deemed similar to the elements clause of § 924(c)(3)(A). *See id.* at 1200, 1210. Other district courts in this Circuit have held that *Gillis* compels the conclusion that a §1201 kidnapping does not qualify as a crime of violence under §924(c)(3)(A)'s elements clause. *See United States v. Dugas*, Case No.: 5:16-cv-95/MCR/MJF, 2020 WL 535696, at *3 (N.D. Fla. Jan. 31, 2020); *United States v. Noble*, No. 12-00090-KD-B, 2020 WL 831141, at *3 (S.D. Ala. Feb. 19, 2020); *Robinson v. United States*, 1:16cv515-MHT, 2019 WL 4791512, at *1 (M.D. Ala. Sept. 30, 2019). Accordingly, it appears Movant's sentence on Count 3 cannot be supported by application of the elements clause.

With the elements clause removed from the picture, Movant's Count 3 conviction and sentence under § 924(c) can only be upheld if kidnapping qualifies as a crime of violence under the residual clause. Since, after *Davis*, the residual clause in § 924(c)(3)(B) has been found to be unconstitutionally vague, there is no remaining basis to find that a federal kidnapping charge is a crime of violence under either clause of § 924(c)(3). *Davis*, 139 S. Ct. at 2336. Accordingly, Movant is entitled to relief and his conviction and sentence on Count 3 must be vacated.

The question remains whether simply vacating the consecutive 84-month sentence is sufficient or, on the other hand, whether a full resentencing is necessary. On

this the Parties disagree. Curiously, the Parties largely rely on the same authority for their disparate positions.

In *United States v. Hernandez*, the Eleventh Circuit held that when a district court grants a § 2255 motion, it "must choose from among four distinct remedies: (1) discharge the prisoner; (2) resentence the prisoner; (3) grant the prisoner a new trial; or (4) correct the prisoner's sentence." 735 F. App'x 998, 1001 (11th Cir. 2018) (quoting *United States v. Brown*, 879 F.3d 1231, 1236 (11th Cir. 2018)). In deciding whether to hold a new sentencing hearing, the court should ask two questions: "'First, did the errors requiring the grant of habeas relief undermine the sentence as a whole?'; and 'Second, will the sentencing court exercise significant discretion in modifying the defendant's sentence, perhaps on questions the court was not called upon to consider at the original sentencing?'" *Id*. (quoting *Brown*, 879 F.3d at 1239–40).

In general, "a resentencing hearing may be required '[i]f there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's decisions on other counts.'" *Id*. This situation might occur, for example, if the original sentencing judge did not consider certain factors because a mandatory minimum sentence rendered such consideration unnecessary. *Id*. In such circumstances, due process may require a hearing with the defendant present. *Id*.

Movant quotes extensively from *United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014), in support of his request for a full resentencing. He cites *Fowler* for the proposition that "sentences that include a mandatory consecutive term of imprisonment, such as the consecutive ten-year sentence that Fowler received on Count 2, are particularly well suited to [being] treated as a package because they are inherently interdependent." *Id*.

at 1017 (internal quotation and footnote omitted). But in *Fowler* the sentence to be vacated was a life sentence for witness tampering resulting in murder. After Fowler successfully challenged his witness-tampering conviction, the district court resentenced him to life imprisonment on the lone surviving firearm count, explaining that its original sentence "was obviously a package" and that it never would have imposed a ten-year sentence "on a murder-with-a-firearm charge standing alone." *Id*. at 1012.

Similarly, Movant points to the resentencing of codefendant Lewis in support of his request for a full resentencing. But in Lewis' case, simply vacating the sentence on the § 924(c) charge would have reduced his total sentence from 180 months to 96 months.[1] Upon resentencing, which was not opposed by either party, Judge Middlebrooks, like the judge in *Fowler*, actually increased the sentence on the sole remaining count from 96 months to 144 months. Case No. 10-60292-CR-MIDDLEBROOKS at ECF No. 269. Thus, while the total sentence was reduced, the sentence on the underlying kidnapping count was increased. Clearly, then, the two sentences as to Lewis were interrelated, and a full resentencing was appropriate.

As to Movant, however, the remaining sentences on Counts 1 and 2 are life sentences without parole. Vacating the consecutive 84-month sentence imposed as to Count 3 would have no effect on the total sentence in any real sense. Life, in the federal system, is life. And there is nothing in the record presented to the undersigned to suggest that the required mandatory consecutive sentence on the § 924(c) count had any

[1] Lewis was originally sentenced to 135 months on Count 2 and a consecutive 84 months on Count 3 for a total sentence of 219 months. His sentence was later reduced pursuant to Fed.R.Crim.P. 35 to 96 months on Count 2 and 84 months consecutive on Count 3 for a total sentence of 180 months. Case No. 10-60292-CR-MIDDLEBROOKS at ECF Nos. 155, 217.

influence whatsoever on the sentencing judge's decision as to Counts 1 and 2. *See Hernandez*, 735 F. App'x at 1001. Accordingly, there is no requirement for a full resentencing.

Nevertheless, the fact that a new sentencing is not required does not necessarily mean that resentencing is a bad idea. Movant points out that Judge Middlebrooks observed at sentencing: "I always have concerns about a life sentence for a relatively young person because there's always the chance they might turn their life around." ECF No. 8 at 8. Movant also lists in his Reply certain intervening mitigating factors that Judge Middlebrooks "could not have considered in 2011 because they had not yet occurred." *Id*. Finally, Movant notes that Judge Middlebrooks reduced codefendant Lewis' total sentence upon resentencing after vacating his § 924(c) sentence relying on *Davis*. The goal of avoiding sentencing disparities among defendants, he argues, supports a resentencing for Movant.

In the end, it all comes down to this: it is the sentencing judge who is in the best position to decide whether a full resentencing is necessary, as only the sentencing judge knows whether the sentence imposed on Count 3 in any way affected his thinking in imposing sentence as to Counts 1 and 2. If the answer to that question is no, then a simple vacation of the sentence on Count 3 is appropriate. If the answer is yes, then a resentencing would be proper.

## III. Recommendation

Based upon the foregoing, the undersigned hereby RECOMMENDS that Movant's § 2255 Motion be GRANTED and that Movant's § 924(c) conviction and sentence be VACATED. Based on the information available to the undersigned, it appears that a

resentencing is unnecessary. However, if the sentencing judge believes the sentence imposed on Count 3 affected the sentences imposed on Counts 1 and 2, then Movant should be resentenced, with an opportunity to raise any relevant factors under 18 U.S.C. § 3553. *See Fowler*, 749 F.3d at 1017 ("When the sentencing package becomes unbundled . . . the district court has the authority to recalculate and reconsider the defendant's sentence for it to comport with the district court's original intentions at sentencing.") (internal quotations and brackets omitted).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 28th day of July 2020.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Donald M. Middlebrooks
All Counsel of Record