UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-60773-CIV-MIDDLEBROOKS/Hunt
(10-CR-60292-MIDDLEBROOKS)

ADOLPHUS SYMONETTE,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

THIS CAUSE comes before the Court on Magistrate Judge Patrick Hunt's Report and Recommendation ("Report"), recommending granting Movant Adolphus Symonette's counseled Motion to Vacate, pursuant to 28 U.S.C. §2255 (DE 9). Movant was convicted, for Count 3, under 18 U.S.C. § 924(c)(3)(B)'s residual clause, which the Supreme Court has since held to be unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The Report recommends, and the government concedes, that Movant's conviction and sentence on Count 3 should be vacated. (DE 9 at 3-4).

The Parties dispute how to proceed with respect to the scope of Movant's resentencing. I sentenced Movant to concurrent terms of life imprisonment on Counts 1 and 2, for the crimes of conspiracy to commit racketeering in violation of 18 U.S.C. §§ 1962(d) and 1963(a), and kidnapping, in violation of 18 U.S.C. § 1201(a)(1). (DE 193 in Case No. 10-CR-60292-DMM). "[A] resentencing hearing may be required '[i]f there is a chance that an erroneous sentence on one count of conviction influenced the sentencing judge's

decisions on other counts'" *United States v. Hernandez*, 735 F. App'x 998, 1001 (11th Cir. 2028) (quoting *United States v. Brown,* 879 F.3d 1231, 1239-40 (11th Cir. 2018)). The Report notes that vacating Movant's 84-month consecutive sentence imposed on Count 3 would appear to have no real effect on the total sentence in Movant's case, as "[l]ife, in the federal system, is life." (DE 9 at 6). Judge Hunt therefore posits that resentencing appears to be unnecessary, but he appropriately defers this question to me. (DE 9 at 7-8).

Movant urged the magistrate judge to recommend a full resentencing (DE 8), and he has now filed objections to the Report on this sole issue. (DE 10, DE 11). Movant requests that I vacate Count 3 and then revisit his total sentence of life imprisonment on Counts 1 and 2, arguing that all of the counts were interrelated and therefore "reconstruct[ing]" the entire "sentencing package" is necessary to ensure consistency with the Sentencing Guidelines. (DE 10 at 1; DE 8 at 6-8). Movant further points to evidence of rehabilitation and suggests that my reconsideration of the §3553 factors may warrant a reduced sentence on the remaining counts in light of all the current circumstances. (DE 10 at 1). I disagree. The counts here were not interdependent in such a way that the sentence I imposed on Count 3 influenced my decision on the remaining counts. Therefore Movant is not entitled to a full resentencing.

## CONCLUSION

After a *de novo* review of Judge Hunt's Report, the record in this case, Movant's objections and applicable law, I agree with the Report's recommendations. And for the reasons set forth above, I decline to conduct a full resentencing hearing. Instead, I will vacate Movant's conviction on Count 3 and also the 84-month consecutive sentence imposed on

that count. The concurrent life sentences imposed on Counts 1 and 2 shall remain undisturbed.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) The Report (DE 9) is **ADOPTED.**

(2) Petitioner Adolphus Symonette's Motion to Vacate pursuant to 28 U.S.C. § 2255 (DE 4) is **GRANTED.**

(3) Movant's conviction and sentence as to Count 3 in the underlying criminal case (Case No. 10-CR-60292-Middlebrooks), will be vacated by separate Order, and Movant's sentence will be re-imposed as to Counts 1 and 2 only.

(4) Movant's objections to the Report (DE 10, DE 11) are **OVERRULED.**

(5) <u>Certificate of Appealability:</u> Because I am granting Movant's requested habeas relief, and because my decision as to whether to conduct a full resentencing hearing would seem to lie within my sole discretion as the sentencing judge, it does not appear necessary to make any determination about whether to issue a certificate of appealability. However, to the extent that my decision regarding whether to conduct a full resentencing hearing is appealable, I decline to issue a certificate of appealability as to that issue. I have considered the standard set forth in 28 U.S.C. § 2253(c)(2) and conclude that Movant cannot make the requisite showing.

(6) The Clerk of Court is directed to **CLOSE THIS CASE.**

(7) All pending motions are **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 30th day of December, 2020.

							Donald M. Middlebrooks
							United States District Judge

cc:  Magistrate Judge Patrick Hunt
     Counsel of Record
     Adolphus Symonette, 96092-004
     Big Sandy-USP
     United States Penitentiary
     Inmate Mail/Parcels
     Post Office Box 2068
     Inez, KY 41224